Daniels, J.
What the respondents desire to reconsider and re-argue is so much of the interlocutory judgment as directed a reference to ascertain the amount of rent owing from the plaintiffs for the use and occupation of the premises in controversy. In the decision of the appeal that was not deemed to be an appropriate direction to be given, inasmuch as the plaintiffs were held to have wholly failed in the object of their action, and the claim for the rents had been in no manner interposed, either directly or indirectly, by the pleadings in the action. The object of the plaintiffs was to obtain such a lease as would entitle them to a third renewal for a period of fourteen years. That was the entire scope and extent of the plaintiffs’ action, and if they *128 had recovered, then as an incident to that relief they would have been required to pay the rents which had during the pendency of the htigatión accrued or arisen for the occupation of the premises. And an accounting within the authorities referred to would have been an entirely proper direction to ascertain the amount of such rents. But the plaintiffs wholly failed to maintain their rights to the lease in the form in which they insisted it should be executed and delivered, and in this manner the entire subject of the action was defeated. There was nothing left of it to which any incident whatever could be attached by way of relief to the defendants. And as that was the effect of the decision, before they could be in a condition to recover the rents of the property against the plaintiffs, the claim or demand for those rents should have been set forth in the defendants’ answer. But that was not done, and no answer whatever was served in the action except the general answer for an infant defendant, submitting in the usual form his rights to the decision and protection of the court. In no manner was any reference made to any possible claim that the plaintiffs were or would become indebted to. the defendants for the use and occupation of the premises. Whatever rights they might have in that respect would, upon the failure of the plaintiffs’ case, create a cause of action in their own favor for the recovery of the indebtedness. And as sections 500, 502 of the Code of Civil Procedure have been enacted, that has been required to be presented by way of answer, and to that answer, by section 514, the plaintiffs had the right and privilege or replying. In no other regular manner could this cause of action be brought into the case as a counter-claim after the failure of the plaintiffs’ case, and no attempt was made to add to it as a subject-matter to the litigation by any pleading whatever on the part of either of the defendants. In this respect this action very clearly differs from all those referred to and relied upon in favor of the motion. For in those cases a subject-matter was presented and so acted upon by the court as to bring the ultimate rights adjudicated and disposed of into the litigation as its incidents, while in this section there was no attribute whatever of that description.
But after it was adjudged that the plaintiffs must wholly fail in their cause of action which terminated the litigation as to them, the case depended upon pleadings presented by the defendants, if that was designed to be done, to bring in another or additional subject-matter before the court for its consideration and decision. And as there were no such pleadings, it followed there was no such subject to be litigated or determined before the court. To entitle the defendants to make a claim of the description of that pre *129 sented in their behalf, it should have been disclosed by the pleadings in such a manner that the plaintiffs would have had the opportunity of replying to it and contesting it under the answer and reply upon the trial. And, as the claim was not placed in that condition, there was no authority - under the provisions of the Code for retaining the action for the trial and determination of such claims. Beyond that the plaintiffs are entitled to have their liability for the payment of the rent, as long as the controversy must now be confined entirely to that point, heard and determined by a jury, and not by a compulsory reference. Neither of the authorities which have been brought to the attention of the court justify any different disposition than that which has been directed already in the action, and the motion for a re-argument should be denied, with costs.
Macomber and Brady, JJ., concur.